1
2
3
4
5
6          **IN THE UNITED STATES DISTRICT COURT**

7          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

8
ROBERT ELLIS,                                  Case No. 1:04-cv-5263 TAG
9
              Plaintiff,            _____   ORDER REGARDING PLAINTIFF'S
10                                            PETITION FOR ATTORNEY FEES
                                              (Doc. 20)
11      v.

MICHAEL J. ASTRUE,[1]
12  Commissioner of Social Security,

13              Defendant.
    _____/
14
          This matter is before the Court on a petition for attorney fees under the Equal Access to

15  Justice Act ("EAJA"), 28 U.S.C. § 2412(d), filed by Ann M. Cerney, the attorney retained by

16  Plaintiff Robert Ellis ("Plaintiff") to represent him in his Social Security action.[2]  (Doc. 20).

17  Defendant, the Commissioner of Social Security ("Defendant") opposes Plaintiff's petition,

18  contending that the amount Attorney Cerney requested is unreasonable, to which a reply was filed.

19  (Docs. 22, 25)

20        Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties consented to proceed

21  before a United States Magistrate Judge, and this action was assigned to the United States Magistrate

22  Judge for all further proceedings.  (Doc. 8).

23                              **BACKGROUND**

24        On February 10, 2004, Plaintiff, through his attorney, filed a complaint in this Court seeking

25  _____

26        [1] Michael J. Astrue is substituted for his predecessor, JoAnne B. Barnhart, as Commissioner of the Social
    Security Administration. 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d)(1).
27
          [2] Although entitled "Plaintiff's Petition for Attorney Fees," the real party in interest is Ms. Cerney, who Plaintiff
28  retained to represent him throughout the administrative and court proceedings.  (Administrative Record 336-39).

                                     1

1  judicial review of Defendant's denial of his application for Social Security disability benefits.[3]  (Doc.

2  1).  The undersigned found that the Defendant, through an administrative law judge ("ALJ"), erred

3  by rejecting the opinions of Plaintiff's treating physicians when the ALJ assessed Plaintiff's residual

4  functional capacity, and, accordingly, his ability to work.  (See Doc. 15, pp. 10-21).  On July 13,

5  2005, after concluding that the Defendant's denial of Plaintiff's application for disability benefits

6  was not supported by substantial evidence and that the administrative record was fully developed, the

7  Court granted Plaintiff's complaint and remanded the case to the Defendant for the payment of

8  benefits.  (Doc. 15).

9  On September 28, 2005, Attorney Cerney filed the instant petition, pursuant to the EAJA,

10  seeking  $6,988.62 in attorney fees for work that she, her paralegal Terry Sousa, and contract

11  attorney Susan Bohr had performed on behalf of Plaintiff.  (Doc. 20-2, p. 3).  In his opposition,

12  Defendant did not challenge the hourly rate or multipliers.[4]  (Doc. 22).  Instead, Defendant contended

13  that the amount of time the spent on Plaintiff's case, and, hence, the fees sought, was unreasonable.

14  (Id. at 2-7).  On December 15, 2005, Attorney Cerney replied that the hours spent researching,

15  preparing, filing, and serving the pleadings and briefs in Plaintiff's case was justified.  (Doc. 25).

16  Attorney Cerney further requested an additional $854.43 for the 5.5 hours spent preparing the reply

17  to Defendant's opposition.  (Id. at 8).

18  ///

19  ///

20

21

22

23  [3]  In 2001, Plaintiff, through Ms. Cerney, filed a complaint in the District Court for the Eastern District of California, Sacramento Division, seeking judicial review from an administrative decision denying the same application for Social Security disability benefits.  In 2002, the case was remanded for further proceedings and, pursuant to

24  stipulation, Ms. Cerney received EAJA fees.  The Defendant, through an Administrative Law Judge ("ALJ") again denied Plaintiff benefits, pursuant to which the 2004 complaint was filed.  (See Case Nos. 2:01-cv-01474 and 04-cv-5263, Doc.

25  15, p. 2).

26  [4]  The EAJA provides for an hourly rate of $125.00, unless the court determines that an adjustment for cost of living or a special factor justifies a higher fee.  28 U.S.C. § 2412(d)(2)(A).  Based on the applicable consumer prices

27  indices, the attorneys calculate the cost of living increases as providing for an hourly rate of $151.65 in 2004 and an hourly rate of $155.35 for time worked in 2005.  Defendant does not dispute the adjusted hourly rates.  (Doc. 22).

28  The Court finds that the increase in the cost of living justifies these hourly rates, pursuant to § 2412(d)(2)(A).

**DISCUSSION**[5]

**Legal Framework**

In the instant motion, Plaintiff seeks attorney fees pursuant to 28 U.S.C. § 2412(d)(1)(A), which provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

Because this Court had jurisdiction over Plaintiff's Social Security action, it also has jurisdiction to consider Plaintiff's motion for attorney fees. Moreover, because Defendant does not mount a challenge as to whether his position was "substantially justified" or contends that an award would be unjust, the Court concludes that Defendant does not dispute these provisions of the statute. (See Doc. 22).

In addition, Plaintiff's motion satisfies the criteria set forth in 28 U.S.C. § 2412(d)(1)(B). First, the petition for attorney fees was filed within thirty days of the expiration of the 60-day appellate period from the July 13, 2005, final judgment and thus, it was timely under §§ 2412(d)(1)(B) and (d)(2)(G). Melkonyan v. Sullivan, 501 U.S. 89, 102 (1991); Fed.R.App.P. 4(a)(1)(B). In addition, the petition is adequate on its face because it shows (1) that Plaintiff was the prevailing party, (2) that Plaintiff was eligible to receive an award, and (3) the amount of fees sought, including a declaration from attorneys A. Cerney and S. Bohr, and paralegal T. Sousa, and a schedule from each individual allegedly reflecting the amount of time each person spent and the hourly rate they billed for their time. (Doc. 20). Further, the motion for EAJA fees alleges that the position of the Defendant/United States was not substantially justified. (Id. at p. 1).

**Attorney's Fees**

Under the EAJA, a court shall award reasonable attorney's fees and costs to a prevailing party other than the United States, unless the court finds that the position of the United States was

---

[5] Because the motion at bar had been fully briefed as of December 15, 2005, only the law in effect on or before December 31, 2005 will applied to this motion. (See docket sheet).

1  substantially justified or that special circumstances make an award unjust.  28 U.S.C.

2  § 2412(d)(1)(A).  The term "substantially justified" means " 'justified in substance or in the main'-

3  that is, justified to the extent that could satisfy a reasonable person.  That is no different from the

4  'reasonable basis both in law and fact' formulation adopted by the Ninth Circuit and the vast

5  majority of other Courts of Appeal that have addressed this issue."  <u>Pierce v. Underwood</u>, 487 U.S.

6  552, 565 (1988)(citations omitted).

7      Here, Plaintiff achieved a remand for the payment of benefits.  Plaintiff is the prevailing party

8  and thus is eligible to receive an award of attorney's fees.  <u>Shalala v. Schaefer</u>, 509 U.S. 292, 302

9  (1993).  Defendant does not oppose an EAJA award in general.  (Doc. 22).  Nor does Defendant

10 assert that his position was substantially justified.  (Doc. 22).  Defendant argues only that this Court

11 should award a lesser amount than that requested by Plaintiff's attorneys.  (Doc. 22-1, pp. 2-7).

12 Specifically, the Defendant asserts that the fees requested are unreasonable, in that (1) the time spent

13 by the attorneys was excessive in light of their expertise in Social Security law, the boilerplate nature

14 of the documents, and their familiarity with the case at bar; (2) much of the time claimed was

15 duplicative; and (3) attorneys' and paralegal fees were requested for the performance of clerical

16 tasks.  (<u>Id</u>.).  Plaintiff replies that the hours spent and the amount of fees requested are justified.

17 (Doc. 25).  Thus, the only issue before this Court is whether the requested award of $7,843.05 for

18 55.4 hours of work is reasonable.

19     Before a court determines whether a fee request is reasonable, the Plaintiff must specify the

20 award he is seeking; that is, the hours reasonably expended on the litigation multiplied by the hourly

21 rate.  <u>Hensley v. Eckerhart</u>,[6] 461 U.S. 424, 433 (1983); <u>Atkins v. Apfel</u>, 154 F.3d 986, 988 (9th Cir.

22 1998).  It is Plaintiff's burden to provide evidence that supports the hours worked and rates claimed.

23 <u>Hensley</u>, 461 U.S. at 433.  "Where the documentation of hours is inadequate, the district court may

24 reduce the award accordingly."  <u>Id</u>.  In a "reasonable fee" inquiry, the district court must do more

25 _____

26     [6]  Although <u>Hensley v. Eckerhart</u> addresses the statutory fee-shifting provisions in civil rights actions, 42 U.S.C.
§ 1988, the Supreme Court specifically noted that "[t]he standards set forth in this opinion are generally applicable in all
27 cases which Congress has authorized an award of fees to a 'prevailing party.' " <u>Hensley</u>, 461 U.S. at 433 n. 7; <u>see also</u>
<u>Commissioner, I.N.S. v. Jean</u>  496 U.S. 154 (1990) (stating that private parties who prevail in a civil action against the
U.S. government are eligible to move for attorneys fees and expenses under the EAJA); <u>Atkins v. Apfel</u>, 154 F.3d 986
28 (9th Cir. 1998) (remanding to district court to determine reasonable award under the EAJA in a Social Security appeal).

than ascertain the "product of reasonable hours times a reasonable rate."  <u>Atkins</u>, 154 F.3d at 988

(quoting <u>Hensley</u>, 461 U.S. at 434).  "The district court must also consider the results obtained."  <u>Id.</u>

(quotations omitted).  When an attorney prevails in a Social Security disability case and, in so doing,

achieves the plaintiff's ultimate goal, <u>i.e.</u>, the plaintiff is granted Social Security benefits, the

plaintiff's attorney generally is entitled to full compensation for the work performed, provided that

the hours are adequately supported and documented.  <u>Hensley</u>, 461 U.S. at 435; <u>Sorenson v. Mink</u>,

239 F.3d 1140, 1147 (9th Cir. 2001).

## HOURS IN FEE REQUEST

In the initial fee petition, the attorneys requested $6,988.62 based on the following table:

| Attorney | Year | Adjusted Hourly Rate | Time (Hours) | Total |
|---|---|---|---|---|
| A. Cerney | 2004 | $151.65 | 3.5 | 530.78 |
|  | 2005 | 155.35 | 1.1 | 170.89 |
|  |  |  |  | $ 701.68 |
| S. Bohr | 2004 | 151.65 | 35.6 | 5, 398.74 |
|  | 2005 | 155.35 | 2.0 | 310.70 |
|  |  |  |  | 5,709.44 |
| T. Sousa (Paralegal) | ------ | 75.00 | 7.7 | 577.50 |
|  |  |  | 49.9   **Total:** | **$ 6,988.62** |

(<u>See</u> Doc. 20-2, p. 4; Doc. 20-3, Decl. of A. Cerney; Doc. 20-4, Decl. of S. Bohr; Doc. 20-5, Decl. of
T. Sousa).

As noted above, Ms. Cerney requested an additional $ 854.43 for the 5.5 hours spent

researching and preparing the attorneys' reply to the Defendant's opposition to their fee petition,

thereby increasing the total to $7,843.05.  (Doc. 25, p. 8).

**Number of Hours**

Defendant argues that the Court should reduce the attorneys' fee request because, as experts

who have spent years litigating Social Security cases, the 49.9[7] hours the attorneys expended

prosecuting the instant action is unreasonable.  (Doc. 22-1, pp. 2-3).  In support of this contention,

Defendant cites footnote 5 in <u>Widrig v. Apfel</u> for the proposition that, when considering the

reasonableness of a fee request, courts should consider, <u>inter alia</u>, the "experience, reputation and

---

[7] As mentioned above, in their reply to the Defendant's response, the attorneys requested that they be awarded
fees for 5.5 additional hours for time spent preparing the reply.  (Doc. 25, p. 8).

5

abilities of counsel." (Id.); Widrig v. Apfel, 140 F.3d 1207, 1209 n.5 (9th Cir. 1998). The Widrig Court, however, addressed various factors that the courts should consider in determining the hourly rate to which the attorney was entitled in a fee request pursuant to a fee-shifting statute, not under the EAJA. Widrig,140 F.3d 1207 (fee request pursuant to 42 U.S.C. § 406(b)(1)). Because Widrig discusses reasonable hourly rates, as opposed to reasonable hours, it does not support Defendant's "expertise" argument. Moreover, in a fee petition submitted pursuant to the EAJA, "the expertise of plaintiff's counsel does not make the hours expended unreasonable." Patterson v. Apfel, 99 F.Supp.2d. 1212, 1213 (C.D. Cal. 2000). The expertise of an attorney, however, may be a special factor pursuant to which the attorney is entitled to an hourly rate above the EAJA's statutory cap, plus any cost-of-living increase, provided that the attorney's expertise was crucial to the litigation and there were no other qualified attorneys who have prosecuted the action for a lower hourly rate. Love v. Reilly, 924 F.2d 1492, 1496 (9th Cir. 1991); Pirus v. Bowen, 869 F.2d 536, 541-42 (9th Cir. 1989); Jawad v. Barnhart, 370 F.Supp.2d 1077, 1089 (S.D.Cal. 2005).

In addition, Defendant contends that courts generally consider 15-to-40 hours reasonable in Social Security cases. (Doc. 22-1, p. 2). Defendant cites several cases in which fees were awarded fees for the above-stated number of hours. (Id.). In Patterson, the court found that 20-to-40 hours was typical, but also cited cases in which courts awarded fee requests exceeding 54 hours. Patterson, 99 F.Supp.2d at 1214, n.2; see also Mendoza v. Bowen, 701 F.Supp. 1471, 1472 (N.D.Cal.1988) (reducing EAJA reduced award from requested 60.5 hours to 50 hours). Moreover, given the fact-intensive nature of Social Security cases and the variety of facts in each case, the  normative amount decided by other courts at different times is neither determinative nor  particularly persuasive. See Patterson, 99 F.Supp.2d at 1213 ("Social Security cases are fact-intensive and require a careful application of the law to the testimony and documentary evidence, which must be reviewed and discussed in considerable detail").

**Specific Hours**

In addition to arguing that the hours spent by Attorneys Cerney and Bohr and Paralegal Sousa were, in general, unreasonable, Defendant challenges specific portions of the fee request, contending that certain hours were clerical or formulaic and, thus, should not have been on the fee schedule at all

1   or for the time attributed to the work. (Doc. 22-1, pp. 2-4). Defendant further contends that much of

2   the work that Attorneys Cerney and Bohr, and Paralegal Sousa claim appears to be duplicative,

3   redundant, and/or excessive, especially in light of the fact that Attorney Cerney has represented

4   Plaintiff since the administrative hearings and subsequent 2001 complaint, which judicial action the

5   court remanded for further proceedings, resulting in what Defendant's contend was this routine

6   Social Security case for which fees are presently sought. (Doc. 22-1, pp. 3-7; see p. 3, n.1; p. 5, n.

7   2). In sum, Defendant asserts that, under Hensley, 461 U.S. at 437, Attorney Cerney failed to meet

8   the requisite burden to demonstrate that her fee request is reasonable. (Doc. 22-1, p. 7).

9   **Paralegal Work**

10          The billing rates for paralegals is appropriate in EAJA cases in order to minimize fees where

11   that type of work would otherwise be performed by an attorney and thus billed at a higher rate.

12   Lucas v. White, 63 F.Supp.2d 1046, 1060 n. 16 (N.D. Cal. 1999) (citing Jean v. Nelson, 863 F.2d

13   759, 778 (11th Cir. 1988)). Encouraging the use of lower-cost paralegals rather than attorneys

14   wherever possible encourages cost-effective delivery of legal services. Missouri v. Jenkins, 491 U.S.

15   274, 288 (1989). However, "purely clerical or secretarial tasks should not be billed at a paralegal

16   rate, regardless of who performs them." Id. at n.10.

17          Excessive Paralegal Hours

18          Defendant asserts that the EAJA petition listed excessive hours for certain tasks completed

19   by Paralegal Sousa. (Doc. 22-1, pp. 3-4). As examples of Paralegal Sousa's over-billing, Defendant

20   notes that the paralegal listed 1.5 hours for preparing a boilerplate complaint, summons, and consent

21   forms on November 4, 2004. (Id. at 3; see 20-5, Decl. and Sch. of Hours of Terry V. Sousa).

22   Exemplifying the formulaic nature of the complaint, Defendant submits a standardized complaint

23   filed by Attorney Cerney's office in Plaintiff's early case and another individual's Social Security

24   matter. (Doc. 22-1, attach. A, B). Attorney Cerney replies that the 1.5 hours that Paralegal Sousa

25   claimed included preparing not only the documents referenced by Defendant, but also the civil cover

26   sheet. (Doc. 25 at 2). Attorney Cerney added that, to obtain the requisite information to complete

27   the various forms, Paralegal Sousa had to review the record. (Id.). However, neither Attorney

28   Cerney nor Paralegal  Sousa explain how much time the paralegal actually spent reviewing the

1    record, or what the  record review consisted of.  Based on what has been submitted to the Court, the

2    complaint appears to be a canned template pleading consisting of less than two pages, into which the

3    case name, number, and plaintiff's address and identifying information were plugged.  The Court

4    concludes that the 1.5 hours charged is unreasonable, and will award .5 hours for preparing these

5    pleadings.

6         Clerical Tasks

7         Attorney's fees may not be recovered for work not traditionally performed by an attorney,

8    such as clerical tasks of personally filing pleadings.  See Jean v. Nelson, 863 F.2d 759, 778 (11th

9    Cir. 1988); Granville House v. Dept. of Health, Education and Welfare, 796 F.2d 1046, 1050 (8th

10   Cir. 1986), vacated on other grounds, 813 F.2d 881 (8th Cir. 1987); Bielec v. Bowen, 675 F.Supp.

11   200, 204 (D.N.J. 1987).

12        Here, Defendant asserts that at least .8 of an hour for tasks completed by Paralegal Sousa

13   should be disallowed, including filing the civil complaint, typing, copying, filing and serving

14   Plaintiff's motion for summary judgment, filing the EAJA memorandum, petition and affidavit, and

15   preparing proofs of service, were secretarial, not legal, thus not compensable as "attorney's fees"

16   under the EAJA.  Defendant argues that none of the requested paralegal time for these tasks should

17   be compensable.  Defendant is correct.  These tasks are clerical in nature and are not recoverable.

18   The .8 hour charge for Paralegal Sousa's time is disallowed.

19        Duplicative Paralegal Tasks

20        Defendant also contends that Plaintiff requests attorney and paralegal fees for duplicative

21   tasks, i.e., for reviewing and editing the same documents and pleadings drafted by another attorney.

22   The billing logs reflects that on one day, Attorney Cerney billed .4 hours and Paralegal Sousa billed

23   .5 hours for reviewing and editing the same settlement letter that another attorney drafted. The billing

24   logs also reflect that on another date, Attorney Cerney billed .5 hours and Paralegal Sousa billed 2.5

25   hours for reviewing and editing the same summary judgment motion that another attorney drafted.

26   The billing logs also reflect that on a later date, Attorney Cerney billed .5 hours and Paralegal Sousa

27   billed .5 hours for reviewing and editing the same reply memorandum  that another attorney drafted.

28   The Court concludes that the 3.5 hours spent by Paralegal Sousa to review and edit an attorney's

8

work, which was also reviewed and edited by Attorney Cerney, was redundant and unreasonable, and should not be paid by the government. Accordingly, the amount charged for 3.5 hours of Paralegal Sousa's time is disallowed.

**Excessive Attorneys' Hours**

Defendant contends that Plaintiff's attorneys charged excessive time to prepare a summary judgment motion, a reply brief, and the EAJA petition.

Defendant contends the summary judgment motion is essentially a reformatted version of Plaintiff's confidential settlement letter and duplicates much of the statement of medical facts contained in a memorandum filed in Plaintiff's earlier case, including transcript citations.   Attorney Bohr's billing record reflects 7.5 hours to prepare the summary judgment motion. Plaintiff  responds by asserting that it required many hours to digest the lengthy administrative transcript in order to draft the memorandum in the instant case.  The settlement letter is not a part of the record before the Court[8]; consequently the Court is unable to ascertain whether and to what it extent the summary judgment motion is merely a reconstituted version of the settlement letter. However, it does appear that the majority of the statement of medical facts in this case was derived from Plaintiff's memorandum in an earlier case, including transcript citations.  The Court finds that 3.5 hours of time spent for the summary judgment motion are excessive in light of the apparent duplication, and will award compensation for 4 of the 7.5 hours of Attorney Bohr's time for the summary judgment motion

Attorney Bohr's billing records also reflect 15 hours spent to prepare a reply brief and 2 hours to prepare the EAJA petition. Paralegal Sousa's billing records reflect .5 hours to prepare declarations in support of the EAJA petition.  Defendant contends that the reply brief could have been completed in 10 attorney hours, and the EAJA petition could have been completed in .7 attorney hours and .3 paralegal hours.  Plaintiff's reply to the instant motion requests an additional $ 854.43 for 5.5 hours spent researching and preparing the reply to Defendant's opposition to the fee petition, but fails to include a declaration or itemized billing records in support of the additional fee

---

[8] Defendants describes the settlement letter as "14 pages long and quite detailed with regard to the arguments presented, discussion of the record evidence, and reference to legal authority."  (Doc. 22-1, 5;10-12).

9

request. (Doc. 25, p. 8).  After reviewing the pleadings and considering the relevant factors, the Court finds that Attorney Bohr's fees to prepare the reply brief and fee petition and supporting memorandum are reasonable, and that Paralegal Sousa's fees to prepare the declarations to support the EAJA petition are reasonable.   However, the Court denies the request for additional attorneys' fees related to the petition, because the request is not supported by a declaration or itemized billing records, and is unreasonable.

## CONCLUSION

Based on the foregoing, Plaintiff is awarded the following fees, which the Court finds to be reasonably incurred in this case:

| Attorney | Year | Hourly Rate | (Hours) | Total |
|---|---|---|---|---|
| A. Cerney | 2004 | $151.65 | 3.5 | 530.78 |
| | 2005 | 155.35 | 1.1 | 170.89 |
| | | | | $ 701.67 |
| S. Bohr | 2004 | 151.65 | 32.1 | 4,867.97 |
| | 2005 | 155.35 | 2.0 | 310.70 |
| | | | | 5,178.67 |
| T. Sousa (Paralegal) | ------ | 75.00 | 2.4 | 180.00 |
| | | | 41.1 | **Total: $ 6,060.34** |

## ORDER

Based on the foregoing, the Court GRANTS Plaintiff an award of $6, 060.34 in attorney's fees in this action.


IT IS SO ORDERED.

Dated:   **December 14, 2007**                                        **/s/ Theresa A. Goldner**
                                                              UNITED STATES MAGISTRATE JUDGE

10